UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>PHONESEVANH VONGTHONGDY,<br><br>    Defendant. | Case No.: 1:22-cr-00089-NODJ<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 7) |

Phonesevanh Vongthongdy moves the Court for an order terminating his supervised release early after having completed two years and two months[1] of his required five years. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

In 2009, Mr. Vongthongdy entered into a plea agreement in which he admitted that he conspired to distribute and distributed cocaine and methamphetamine. (Doc. 11-2 at 6-7). During his efforts to distribute narcotics, he possessed firearms as "protection from fellow drug traffickers and individuals who sought to steal drugs and/or proceeds of drug trafficking from" him. *Id*. As part of his sentence, the court ordered that after finishing the term of imprisonment, he would be placed on supervised release for 60 months. (Doc. 11-1 at 1; Doc. 11-3 at 1) Terms

---

[1] At the time he filed his motion, he had completed approximately 19 months of supervision.

1

of supervised release included that he "work regularly at a lawful occupation . . .," "refrain from . . . possess[ion] . . .[or] use" of a controlled substance, participate in drug treatment and drug test up to 12 times per month. (Doc. 11-1 at 3-4)

During his two years on supervision, Mr. Vongthongdy alleges that he has been successful on supervised release. (Doc. 7 at 5) He asserts that he has drug tested, though the drug counselor "determined that defendant Vongthongdy did not have a substance abuse problem and therefore did not need to attend an outpatient program." (Doc. 14 at 2) Mr. Vongthongdy asserts that he has acted "over and beyond" the requirements of the terms of his supervised release by being continually employed from October 2021 through November 22 and enrolling in college courses in the spring of 2022 and 2024. *Id*. at 4-5. He has also become engaged to be married and reconnected with his family and his child, with whom he had been estranged. *Id*. at 6.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes first that the underlying offense was a serious offense involving significant quantities of drugs, while Mr. Vongthongdy armed himself so that he could fight off anyone who would steal his drugs or money. The government argues that the showing by Mr. Vongthongdy demonstrates compliance with the terms of his supervision and little more.

The Court agrees that though Mr. Vongthongdy has complied with the terms of supervised release, that is what is expected of him. The fact that he has gotten engaged and reconnected with his son are wonderful development that, hopefully, remind him of what his efforts on supervised release are for: to become a contributing and valued member of society.

Finally, though compliance with terms of supervision burdens him because he is not able to travel on "short notice," this is the consequence of Mr. Vongthongdy's criminal conduct. Moreover, though Mr. Vongthongdy's inconvenience and inability to progress in his chosen career is a concern, the Court must also be concerned for the entirety of our community. Even coupled with the fact that his probation officer does not oppose early termination of supervision, the showing made by Mr. Vongthongdy simply fails to demonstrate that the Court can safely terminate supervision at this time.  For these reasons, and after considering the § 3583(e)(1)

factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 28, 2024**

_____
UNITED STATES DISTRICT JUDGE